# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD as liquidating agent for LOCK HAVEN AREA FEDERAL CREDIT UNION,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID P. NULL,<br><br>Defendants. | CIVIL ACTION NO. 3:07-CV-2043<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

In this case, default was entered against Defendant, David P. Null, for failure to plead or otherwise defend on May 30, 2008. After some service difficulties, a hearing on Plaintiff's Motion for Default Judgment was scheduled and was held on April 13, 2009. Mr. Null did not appear at this hearing despite having been properly served with notice of same on March 12, 2009.

At the hearing, Plaintiff presented the testimony of Jennifer Murphy, an officer of Plaintiff. She testified that Mr. Null 1) made improper, unsecured loans to business associates and friends sometimes using straw parties to circumvent regulations, and when in default, engaged in little or no effort to collect; 2) failed to use due diligence when executing contracts; 3) engaged in personal business transactions to the detriment of the credit union; and, 4) his noncompliance with regulations caused the requirement that the credit union repurchase loans from the Federal Home Loan Bank. Detailed testimony was provided as to the losses incurred as a result of the foregoing categories of conduct by Mr.

Null, and in all, the damages amount to $1,315,858.00. The damages are supported by the testimony of Ms. Murphy as well as Plaintiff's Exhibits 1 through 6. Damages in the amount of $1,315,858.00 will therefore be awarded to Plaintiff.

Plaintiff also seeks punitive damages. Punitive damages are penal, and seek to punish those whose conduct is willful, malicious, or done with reckless indifference to the rights of others. Their purpose is "to punish the Defendant for his willful or malicious conduct and to deter others from similar behaviors." *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 306 n.9 (1986). The Supreme Court has noted that in satisfying due process considerations in the award of punitive damages, these factors must be considered: 1) "the degree of reprehensibility" of the defendant's conduct; 2) "the disparity between the harm or potential harm suffered by" the plaintiff and the punitive award; and, 3) the difference between the punitive award"and the civil penalties authorized or imposed in comparable cases." *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 575 (1996).

In the instant case, Mr. Null ran the subject credit union without regard to an awareness or practice of his fiduciary duties. He failed to conduct due diligence in disbursing funds; he made loans through known straw parties to hide the true nature of the transaction; he made loans in violation of the law; engaged in self dealing; and, otherwise acted willfully to the detriment of the credit union of which he was the chief executive officer.

Mr. Null's conduct was willful, if not malicious. It was reprehensible to a high degree in that he engaged in deceptive practices. *BMW v. Gore* at 577. Punitive damages are limited by due process considerations to a "single digit ratio" between compensatory damages and punitive damages. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

2

Considering the foregoing, I find it appropriate to award punitive damages equal to twice the amount of the compensatory damages, or $2,631,716.00.

Therefore, judgment will be entered in favor of Plaintiff in the total amount of $3,947,574.00.

An appropriate Order follows.


Date: May 11, 2009             /s/ A. Richard Caputo
                                           A. Richard Caputo
                                           United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD as liquidating agent for LOCK HAVEN AREA FEDERAL CREDIT UNION, | CIVIL ACTION NO. 3:07-CV-2043 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| DAVID P. NULL, | |
| Defendants. | |

## ORDER

**NOW**, this 11th day of May, 2009, **IT IS HEREBY ORDERED** that judgment in the amount of $3,947,574.00, representing $1,315,858.00 in compensatory damages and $2,631,716.00 in punitive damages, is entered in favor of Plaintiff, National Credit Union Administration Board, as liquidating agent for Lock Haven Area Federal Credit Union, and against Defendant, David P. Null, together with costs of suit.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge